IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 OCT 12 PM 3: 33
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| DIONYSIUS NORFLEET & LUTICH IVY, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | No. 05-cv-02452-D/V |
| ) | |
| THE CITY OF MEMPHIS, ) OFFICERS Q. BRANCH #10386, ) J. SMITH # 7046 ) and other JOHN DOE ) POLICE OFFICERS, ) ) ) | |
| Defendants. ) ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on the motion (dkt. #3) of Defendant City of Memphis ("Defendant") to dismiss the complaint of Plaintiffs, Dionysius Norfleet ("Norfleet") and Lutich Ivy ("Ivy"), (collectively, "Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The complaint was brought pursuant to 42 U.S.C. § 1983, alleging a violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution. Plaintiffs also assert a state law claim of assault and battery under the Tennessee Governmental Tort Liability Act ("GTLA"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. For the following reasons, the Court grants in part and denies in part Defendant's motions to dismiss.



This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10/13/05

## I. FACTUAL BACKGROUND[1]

On May 23, 2004, Norfleet was arrested by Defendants Officer Q. Branch, Officer J. Smith, and other unnamed officers. During the arrest, one of the officers shot Norfleet. The incident took place at 327 Johnson Circle, Memphis, Tennessee the home of Ivy, who is Norfleet's mother. Plaintiffs allege that, upon the arrest of Norfleet, Norfleet pulled down his pants and lifted his shirt to show the officers that he was not armed. The officers shot Norfleet despite this demonstration that he was unarmed. According to Ivy, she heard the officers shout at Norfleet that they would kill him immediately prior to the shooting.

On June 23, 2005, Plaintiffs filed an action in this Court. On June 30, 2005, Defendant City of Memphis filed the instant motion to dismiss, asserting that Plaintiffs have not stated a claim on which relief can be granted. Defendant alleges that Plaintiffs fail to state claims under the Fourth Amendment, for conspiracy, and under state law. Additionally, Defendant asserts punitive damages may not be awarded against a municipality.

## II. LEGAL STANDARD

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

---

[1] The factual allegations are taken from Plaintiff's complaint.

Nietzke, 490 U.S. at 326-27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Thus, even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436-37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis, 135 F.3d at 405-06.

## III. ANALYSIS

### A. Section 1983

Plaintiffs allege that the Defendant officers used excessive and deadly force and, thus, violated Norfleet's Fourth Amendment rights pursuant to § 1983. Title 42 of the United States Code, Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under § 1983, Plaintiffs must allege an injury committed by persons acting under color of law which violated Plaintiffs' constitutional rights. Defendant correctly observes that in the complaint, Plaintiffs have not specifically cited any regulation or custom that would lead to a violation of Plaintiffs' rights. The complaint only refers to the acts of the Defendant officers. It is settled law that there is no *respondeat superior* liability under § 1983. Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978) (liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct).

However, a review of the complaint shows that Plaintiffs' claim arises from an alleged failure to "adequately supervise the officers . . . in the implementation of proper and non-abusive arrest procedures." Compl. ¶ 3. Under Monell a municipality is liable under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. Liability under Monell also extends to a defacto policy of "deliberate indifference" which is demonstrated when policymakers fail to institutionalize new or additional training where the need for more

4

instruction is obvious and the status quo is likely to result in the violation of constitutional rights. City of Canton v. Harris, 489 U.S. 378, 390 (6th Cir. 1989); Berry v. City of Detroit, 25 F.3d 1342, 1346 (6th Cir. 1994). Even though Defendant has a policy against abusive arrest procedures, Defendant officers shot Norfleet after he showed them that he was unarmed. Plaintiffs have sufficiently stated a claim for which relief can be granted, and thus, Defendant's motion to dismiss Plaintiffs' § 1983 claim is denied. Plaintiffs assert that further discovery is necessary to determine whether Defendant condoned the use of deadly force on an unarmed arrestee by its employees. Pl.'s Memo. in Opposition to Def.'s Mot. to Dismiss ¶ 8.

### B. § 1985 Conspiracy

To establish a § 1985(3) claim a plaintiff must allege that the defendants conspired either directly or indirectly, to deprive plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971), quoting 42 U.S.C. §1985(3). Plaintiff must then assert that one or more of the conspirators did, or caused some act in furtherance of the object of the conspiracy as a result of which, plaintiff suffered an injury, or was deprived of having or exercising any right or privilege of a citizen of the United States. Id.(citations omitted). When the legislation was drafted, Congress did not intend for § 1985 to apply to "all tortious, conspiratorial interferences with the rights of others." Id. at 101. Rather, it requires "some racial, or perhaps other-wise class-based, invidiously discriminatory animus behind the conspirators' action." Id. at 102. Plaintiffs allege that the Defendants "conspired to hide the true nature and wrongfulness of the... [use of excessive force] by omitting vital statements in reports and records." Comp. ¶ 4. Even though Plaintiffs allege that this conspiracy resulted in a deprivation of their rights, they have not asserted that it was furthered by some form of class-based discrimination. Plaintiffs failed to state their race or any particular class affiliation that would serve as animus for

5

Defendants' actions. Additionally, the intracorporate conspiracy doctrine holds that Defendant and Defendant officers cannot be liable under § 1985(3) since a conspiracy requires "two or more persons." See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505 (6th Cir. 1991). Defendant City and Defendant officers comprise one entity or "person," since the officers as employees of the City, were acting in the scope of their employment when they arrested Norfleet. See Id. As a result, Defendant's motion to dismiss Plaintiffs' § 1985 claim is granted.

## C. State Law Claim

Since Plaintiffs have maintained a cause of action under § 1983, this Court has jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Federal courts have supplemental jurisdiction to hear federal claims accompanied by pendant state law claims. See 28 U.S.C. § 1367. Title 28 of the United States Code, Section 1367 states in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

Defendant contends that under GTLA, Tennessee courts have "exclusive original jurisdiction" over any actions brought thereunder. Tenn.Code Ann. § 29-20-307. However, Plaintiffs have sufficiently pled that they suffered a deprivation of a constitutional right in order to withstand a motion to dismiss. See Scheid, 859 F.2d at 436. Since the same chain of events provides the basis for both Plaintiffs' § 1983 claim and their GTLA claim, this Court maintains original jurisdiction of the federal claim and supplemental jurisdiction for the state law claim.

The GTLA removes immunity for an injury proximately caused by a negligent act or omission of a governmental employee. See Tenn. Code Ann. § 29-20-205. Immunity is also removed for intentional torts not in the scope of the statute. See Id; see also Limbaugh v. Coffee Med. Ctr., 59

6

S.W.3d 73 (Tenn. 2001). Thus, in spite of Defendant's contention that governmental immunity must be specifically pled, this is not necessary in the instant case since immunity has been removed by statute and case law. Section 29-20-205 of the Tennessee Code Annotated states in relevant part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;
>
> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights . . . .

Tenn. Code Ann. § 29-20-205 (1) and (2). In addition to negligent acts, Tennessee courts have held that a municipality is not immune from liability for assault and battery committed by its employees. See Limbaugh, 59 S.W.3d 73 (holding that because assault and battery were not delineated in the GTLA's list of intentional torts, it was not an exception to the removal of a municipality's liability). Thus, Defendant is not protected from liability for assault and battery by the GTLA.

Defendant asserts that Plaintiffs have failed to state a claim of assault and battery under state law. In support of its assertion, Defendant avers that even though the Defendant officers' actions may have been an intentional tort, their actions were not reasonably forseeable to Defendant. Under the GTLA, a cause of action against a governmental body must be one for negligence. Id. at 82. Plaintiffs, therefore, are obligated to plead facts that could establish the elements of negligence. Hale 2004 WL 1854179 at *16 (holding that "[f]or [the plaintiff] to prevail on his claim seeking to hold the City liable for intentional torts . . .[the plaintiff] is required to prove that an independent act of negligence by the City or a City employee proximately caused the intentional torts that resulted in [the plaintiff's] injuries.") Plaintiffs allege that Defendant failed to adequately train the officers and that the Defendant officers'

own actions evinced their ignorance of established standard. Thus, Plaintiffs have sufficiently alleged that Defendant's negligence proximately caused the assault and battery that resulted in Plaintiffs' injuries. Accordingly, Defendant's motion to dismiss Plaintiff's state law claim is denied.

**D. Punitive Damages**

Defendant maintains that Plaintiffs cannot recover punitive damages. In City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), the United States Supreme Court held that a plaintiff could not recover punitive damages against a municipality in a § 1983 action. Id. at 271. Defendant also claims that Plaintiffs cannot recover punitive damages for their state law claim of assault and battery. Generally, public policy prohibits punitive damages awards in state law claims, although the GTLA does not expressly prohibit them. See Tipton County Bd. of Educ. v. Dennis, 561 S.W.2d 148, 153 (Tenn. 1978). Although the Court in Tipton refused to award punitive damages against "a public body and its employees where only a negligent act is involved," it declined to extend this reasoning in the instance of an intentional tort. Id. Accordingly, Defendant's motion to dismiss Plaintiffs' claim for punitive damages for the § 1983 claim is granted. Defendant's motion to dismiss Plaintiff's claim for punitive damages for the state law claim is denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court enters relief as follows:

1) Defendant's motion to dismiss as to Plaintiffs' § 1985 claim is **GRANTED.**

2) Defendant's motion to dismiss Plaintiffs' § 1983 punitive damages claim is **GRANTED.**

3) Defendant's motion to dismiss Plaintiffs' § 1983 claim is **DENIED.**

4) Defendant's motion to dismiss Plaintiffs' assault and battery claim is **DENIED** in all respects.

**IT IS SO ORDERED** this 12th day of October, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:05-CV-02452 was distributed by fax, mail, or direct printing on October 13, 2005 to the parties listed.

---

Gerald S. Green
LAW OFFICE OF GERALD S. GREEN
147 Jefferson
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Betsy McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT